UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of,<br><br>THE COMMONWEALTH OF PUERTO RICO, *et al.*,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br>Case No. 17-BK-3283 (LTS)<br><br>(Jointly Administered) |
| DRIVETRAIN, LLC, in its capacity as the Trustee of the Commonwealth Avoidance Actions Trust,<br><br>Plaintiff,<br><br>v.<br><br>BARCLAYS Capital, *et. al.*<br><br>Defendants. | Adv. Proc. No. 19-280 (LTS) |

## MOTION TO REMOVE AND JOIN DEFENDANTS

Plaintiff Drivetrain, LLC, ("Drivetrain" or the "Trustee") solely in its capacity as Trustee of the Avoidance Actions Trust (the "Trust"), pursuant to the Avoidance Actions Trust Agreement

---

[1] The Debtors in these Title III cases, along with each Debtor's respective Title III case number listed as a bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are (i) the Commonwealth of Puerto Rico (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481), (ii) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686), (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808), (iv) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474), (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747), and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 17-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801).

(the "Trust Agreement"), by and through its attorneys, Selendy Gay Elsberg PLLC, Casillas, Santiago & Torres LLC, and Continental PLLC, respectfully moves to remove BMO Capital Markets Corp. ("BMO Capital"), Jefferies Group LLC ("Jefferies Group"), and Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") as Defendants and join BMO Capital Markets GKST Inc. ("BMO GKST"), Jefferies LLC ("Jefferies"), and Bank of America Corporation ("Bank of America") as defendants in this adversary proceeding and states:

## BACKGROUND

1. On May 2, 2019, the Special Claims Committee of the Financial Oversight and Management Board for Puerto Rico (the "SCC"), and the Official Committee of Unsecured Creditors of the Debtors (except PBA and COFINA) ("Committee" and together with the SCC, the "Pre-Effective Date Plaintiffs") initiated this action by filing the *Adversary Complaint* (the "Complaint") [Dkt. No. 1].[2]

2. On March 10, 2020, following several related orders staying this Adversary Proceeding, this Court issued its *Final Order Regarding (A) Stay Period, (B) Mandatory Mediation, And (C) Certain Deadlines Related Thereto* (the "Stay Order") [Dkt. No. 22].

3. Pursuant to the Stay Order, this Court ordered that this Adversary Proceeding be stayed pending confirmation of the Oversight Board's proposed plan of adjustment (as may be amended, modified, or supplemented, the "Amended Plan").[3]

4. Pursuant to the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, The Employees Retirement*

---

[2] On September 27, 2021, the Complaint was amended to add the PBA as a Title III Debtor. *See* Dkt. Nos. 25, 27, and 28.

[3] More specifically, Amended Plan means the Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al., dated January 14, 2022 [ECF No. 19784].

2

*System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Public Buildings Authority* [Case No. 17-3283, Dkt. No. 19813] (the "Confirmation Order"), this Court provided for the creation of the Avoidance Actions Trust (the "Trust") and the appointment of the Avoidance Actions Trustee (the "Trustee").

5. Specifically, "[o]n the Effective Date, the Debtors shall transfer all of the Avoidance Actions Trust Assets to the Avoidance Actions Trust and, in accordance with section 1123(b)(3)(B) of the Bankruptcy Code, the Avoidance Actions Trust shall have the sole right, authority, and standing to prosecute, settle or otherwise dispose of all Avoidance Actions, including, without limitation, [this action] as of the Effective Date." *Id.* at 18.

6. As used in the Confirmation Order and the Amended Plan it confirmed, the "Avoidance Actions" include this adversary proceeding.

7. On March 15, 2022, the Trustee was appointed, and the Amended Plan became effective. [Case No. 17-3283, Docket No. 20349].

8. On September 15, 2022, the Trustee filed a Second Amended Complaint (the "SAC") in this adversary proceeding. [Dkt. No. 49]. The SAC named, among others, BMO Capital, Jefferies Group, and Merrill Lynch as defendants.

### RELIEF REQUESTED AND BASIS THEREFOR

9. The Trustee respectfully requests that the Court enter an Order substantially in the form of the proposed order attached as Exhibit A permitting the removal of BMO Capital, Jefferies Group, and Merrill Lynch as defendants and the joinder of BMO GKST, Jefferies, and Bank of America (the "Affected Defendants") as defendants in this adversary proceeding.

10. The Amended Plan, Confirmation Order, and Trust Agreement each grant the Trustee the sole and exclusive "right, authority, and standing to prosecute, settle or otherwise dispose

of" this adversary proceeding and the other adversary proceedings that comprise the Avoidance Actions Trust Assets. [*E.g.*, Confirmation Order, Docket No. 19813, ¶¶ 18-19; Amended Plan, Docket No. 19784, §§ 78.1-78.6].

11. Rule 21 of the Federal Rules of Civil Procedure, as made applicable by Rule 7021 of the Federal Rules of Bankruptcy Procedure and Section 310 of PROMESA (48 U.S.C. § 2170), provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

12. On September 22, 2022, the Trustee conferred with counsel for BMO Capital, Jefferies Group, BMO GKST, and Jefferies who represented to the Trustee that BMO Capital and Jefferies Group were not involved in the municipal bonds or other matters identified in the SAC, asked that they be removed as defendants, and represented that certain affiliated entities, BMO GKST and Jefferies, are the appropriate defendant entities for the relevant allegations made in the SAC.

13. Similarly, on October 11, 2022, the Trustee conferred with counsel for Merrill Lynch and Bank of America who represented to the Trustee that Merrill Lynch was not involved in the municipal bonds or other matters identified in the SAC, asked that it be removed as a defendant, and represented that Bank of America—which merged with Merrill Lynch & Co, Inc.—is the appropriate defendant entity for the relevant allegations identified in the SAC.

14. Based upon these representations, the Trustee now brings this motion to remove BMO Capital, Jefferies Group, and Merrill Lynch as defendants and join BMO GKST, Jefferies, and Bank of America as defendants in this adversary proceeding.

15. Consistent with the relief requested in this motion, the Trustee further requests that all references in the SAC to BMO Capital, Jefferies Group, and Merrill Lynch be construed to

apply to BMO GKST, Jefferies, and Bank of America, respectively, and that the case caption be amended accordingly.

16. Affected Defendants BMO GKST, Jefferies, and Bank of America do not object to the relief sought in this unopposed motion or the form of the proposed Order attached as Exhibit A.

## PRAYER FOR RELIEF

**WHEREFORE**, the Trustee respectfully requests the entry of an Order, substantially in the form attached as Exhibit A, removing BMO Capital, Jefferies Group, and Merrill Lynch as defendants and joining BMO GKST, Jefferies, and Bank of America as defendants in this adversary proceeding, providing that all references in the SAC to BMO Capital, Jefferies Group, and Merrill Lynch be construed to apply to BMO GKST, Jefferies, and Bank of America, respectively, and granting such other and further relief as the Court deems necessary and proper.

Dated: October 28, 2022
San Juan, Puerto Rico

Respectfully submitted,

*/s/ Juan J. Casillas Ayala*

CASILLAS, SANTIAGO & TORRES, LLC
Juan J. Casillas Ayala USDC – PR 218312
Luis F. Llach Zúñiga USDC – PR 2231112
El Caribe Office Building
53 Palmeras Street, Suite 1601
San Juan, Puerto Rico 00901-2419
(787) 523-3434
jcasillas@cstlawpr.com
lllach@cstlawpr.com

*/s/ David S. Flugman*

SELENDY GAY ELSBERG PLLC
Maria Ginzburg *(Pro Hac Vice)*
Andrew R. Dunlap *(Pro Hac Vice)*
David S. Flugman *(Pro Hac Vice)*
1290 Avenue of the Americas

5

New York, New York 10104
(212) 390-9000
mginzburg@selendygay.com
adunlap@selendygay.com
dflugman@selendygay.com

CONTINENTAL PLLC
John Arrastia (*Pro Hac Vice*)
Jesus Suarez (*Pro Hac Vice*)
Angelo Castaldi (*Pro Hac Vice*)
255 Alhambra Circle, Suite 640
Coral Gables, Florida 33134
(305) 677-2707
jarrastia@continentalpllc.com
jsuarez@continentalpllc.com
Acastaldi@continentalpll.com

*Attorneys for Plaintiff Drivetrain, L.L.C., in its capacity as the Trustee of the Commonwealth Avoidance Actions Trust*

6